Wesley D. Ray (SBN 026351)
Wesley.Ray@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610
Attorneys for Lincoln Capital Partnership, LLLP

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JEFFREY T. CHRISTENSON and SHARON R. CHRISTENSON,<br><br>   Debtors. | Chapter 7 Proceedings<br><br>No. 2:18-bk-05678-DPC<br><br>**APPLICATION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS** |

Lincoln Capital Partnership, LLLP ("Lincoln Capital"), creditor and party in interest in the above captioned bankruptcy case, hereby applies, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order directing (a) Jeffrey T. Christenson and Sharon R. Christenson ("Debtors") to appear for an examination to be scheduled on a date and time agreeable to the parties, or, if upon notice, after not less than 21 days' notice, and (b) the Debtors to produce the documents identified in Exhibit "A" hereto on a date and time agreeable to the parties, or, if upon notice, after not less than 14 days' notice, at the law office of Sacks Tierney, PA, 4250 N Drinkwater Blvd. 4th Floor, Scottsdale, Arizona 85251. This Motion is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that on motion of any party in interest, the Court may order the examination of any entity or person regarding the acts, conduct, property, liabilities and financial condition of the debtor, or any other matter which affects the administration of the debtor's estate. "The scope of inquiry under Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted." *In re MITTCO, Inc.*, 44 B.R.

35, 36 (Bankr. E.D. Wis. 1984); *see In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[Rule 2004] can be legitimately compared to a fishing expedition.").

Lincoln Capital is a creditor of the Debtors holding a claim of approximately $688,000. If the Debtors schedules are to be believed, despite a relatively high level of income, the Debtors have amassed few assets that can be liquidated through these proceedings, and the most likely source of a substantial payment to creditors the disposition of the Debtors' 100% ownership interest in Christenson Wealth Management, LLC ("CWM"). Lincoln Capital desires to examine the Debtors as to their acts, conduct, property, liabilities and financial condition, and to those of CWM, to determine the nature and extent of the assets available to be administered for the benefit of the Debtors' creditors.

WHEREFORE, Lincoln Capital respectfully requests that this Court enter the order lodged concurrently herewith, pursuant to Fed. R. Bankr. P. 2004, requiring the Debtors to appear for oral examination on a date and time agreeable to the parties or, if upon notice, after not less than 21 days' notice, and produce the documents identified in Exhibit "A" hereto on a date and time agreeable to the parties or, if upon notice, after not less than 14 days' notice.

DATED: August 9, 2018

SACKS TIERNEY, P.A.

By: *[signature]*
Wesley D. Ray
Attorneys for Lincoln Capital Partnership, LLLP

COPY of the foregoing emailed on August 9, 2018, to:

Thomas Allen
ALLEN BARNES & JONES, PLC
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Tallen@allenbarneslaw.com
Attorneys for Debtors

David M. Reaves
P.O. Box 44320
Phoenix, Arizona 85064
Trustee@reaves-law.com
Chapter 7 Trustee

*/s/ Cathie Misquez*

# EXHIBIT A
# DEFINITIONS

1. As used in these requests "you," "Debtor," or "Debtors" means Jeffrey T. Christenson and Sharon R. Christenson, and each of them individually, and their respective affiliates, agents, and successors in interest, and any person, entity or enterprise in which they hold any ownership interest, or over which they exercise any level of control.

2. As used in these requests, the "Bankruptcy" shall mean Bankruptcy Case No. 2:18-bk-05678-DPC pending in the United States Bankruptcy Court for the District of Arizona.

3. As used herein, "CWM" shall mean Christenson Wealth Management, LLC and its present and former subsidiaries, affiliates, agents, and divisions; its predecessors-in-interest; its successors-in-interest; its present and former members, managers, officers, directors, agents, or attorneys; any person controlling, controlled by, or under common control with it; and any person acting on behalf of any of the aforementioned parties.

4. As used in these requests, the term "communication" includes oral, graphic, demonstrative, telephonic, verbal, electronic, written, or any other conveyance of information, including "documents" as defined hereafter.

5. As used in these requests, the conjunctions "and" and "or" shall be construed both conjunctively and disjunctively and each shall include the other whenever such dual construction will serve to bring within the scope of these requests for production information and/or documents which otherwise would not be brought within their scope.

6. As used in these requests, the term "document(s)" includes all electronic media and tangible forms in which intelligence or information is stored, as well as all written or graphic matter of every type and description, however produced or reproduced, whether draft or final, original or reproduction, including but not limited to electronic mail messages, text messages, electronic data files (including textual, spreadsheet and database files), web pages, letters, communications, correspondence, handwritten notes, memoranda, transcripts or minutes of meetings, contracts, agreements, licenses, illustrations, films, microfilm, telegrams, written analyses, reports, memoranda made of any oral communications, papers, books, newspaper

articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, rules, regulations, directives, teletype and telefax messages, intraoffice and interoffice communications, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, returns, invoices, cancelled checks, statistics, studies, working papers, calendars, appointment books, diaries, journals, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however denominated, and including writings, forms, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components) and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form, as well as all drafts, alterations, modifications, changes, amendments, suspensions and interpretations of any of the foregoing and any records of documents that have been destroyed. The term "document(s)" includes all copies of a document which contain any additional writing, underlining, notes, deletions or any other markings or notations, or are otherwise not identical copies of the original.

7. As used herein, "Dragoo" means Douglas Dragoo and his affiliates, agents, successors in interest, and any entity or enterprise in which he holds any ownership interest, or over which he exercises any level of control.

8. As used herein, the term "evidencing" means constituting, mentioning, describing, concerning, referring to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

9. As used in these requests, the terms "individual," "person," or "persons" include natural persons, firms, partnerships, limited liability companies, professional limited liability companies, associations, joint ventures and corporations, or any business, legal or government entity, organization or association.

10. "Lincoln Capital" refers to Lincoln Capital Partnership LLLP and its partners, agents, representatives, employees, and affiliates.

11. "Petition" shall mean the Voluntary Petition for Individuals Filing Bankruptcy filed by the Debtors, thereby commencing the Bankruptcy.

12. "Petition Date" shall mean May 18, 2018.

13. As used in these requests, the terms "relates to" and "refers to" (including other tense forms of those terms) means describing, constituting, reflecting, showing, memorializing, comprising, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

14. "Schedules" shall refer to the schedules of assets and liabilities, and the statement of financial affairs, filed by the Debtors in the Bankruptcy, along with all amendments thereto.

15. As used herein, "Storage Units" shall mean the storage units in Arizona and Hawaii identified in the Debtors' Schedules, and any other storage unit or facility into which the Debtors have placed any property.

## INSTRUCTIONS

1. Each request is to be answered fully, and you must divulge all information and documentation that is in your custody, in the custody of your agents, attorneys, affiliates, or other representatives, or the custody of any other person, where you: (a) own such document in whole or in part; (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so.

2. Each responsive document should be produced in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

3. All electronically stored documents and information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

4. If any document or communication requested was at one time in existence, but is no longer in existence, please state for each document or communication as to which that is the case:

    a) The type of document or communication;
    b) The types of information contained therein;
    c) The date upon which it ceased to exist;
    d) The circumstances under which it ceased to exist;

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

e) The identity of all persons having knowledge of the circumstances under which it ceased to exist; and
f) The identity of all persons having knowledge, or who had knowledge, of the contents thereof.

5. Where an individual request calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

6. All verbs shall be construed to include all tenses.

7. The use of a word in its singular form shall be deemed to include its use in the plural form as well, and the use of a word in its plural form shall be deemed to include its use in the singular form as well.

8. Each request, and each subpart of any request, should be construed independently and not be referenced to any other request for purposes of limitation.

9. If you decline to answer a request based on a claim of privilege or on any other basis, please state for each document or communications as to which that is the case:

a) The name of each author, writer, sender or initiator of each such document or communication;
b) The name of each recipient, addressee or party to whom such document or communication was sent or intended to be sent;
c) The name of each and every person who received a copy of the document or communication;
d) The date of the document or communication, or, if no date appears on the document or communication, the date the document or communication was prepared;
e) The title of the document or communication, or if it has no title, then such other description of the document or communication and its subject matter as shall be sufficient to identify the document; and
f) The grounds claimed for withholding the document or communication from discovery (e.g., attorney-client privilege, work product, or any other grounds), and the factual basis for such a claim.

10. As to each document produced, you should designate the request to which such document is responsive.

11. These requests shall be deemed continuing so as to require further and supplemental answers, without notice or demand. If you should obtain information with respect to the subject matter of any of these requests after your answer to these requests is served which renders the answers thereto incomplete, inaccurate or in any way misleading, you are required to supplement the answer previously given.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1. All documents and communications relating to or evidencing any compensation, equity distribution, reimbursement, commission, or other payment or benefit of any kind received by the Debtors in the year preceding the Petition Date.

2. All statements, for the two years preceding the Petition Date, for any bank, savings, checking, brokerage, investment, deposit, trust, or other account owned by the Debtors or CWM, or used to make any payment to, or on account of, the Debtors or CWM.

3. All documents and communications, including organizational documents, relating to or evidencing any firms, partnerships, limited liability companies, professional limited liability companies, associations, joint ventures, corporations, trusts or any other business, legal or government entity, organization or association in which, in the four years preceding the Petition Date, (a) the Debtors held an ownership interest, (b) over which the Debtors exercised any control, or (c) to which the Debtors transferred any property.

4. All documents and communications relating to or evidencing the contents of the Storage Units, and any property transferred into or out of the Storage Units from May 18, 2014 to the present date.

5. All documents and communications relating to or evidencing (a) the robbery that allegedly occurred in Dallas, Texas in, or around 2017, (b) the identity and value of the property that was allegedly stolen, (c) any resulting claim submitted to an insurance company, and (d) the receipt and subsequent use of any insurance proceeds received as a result thereof.

6. All insurance policies under which the Debtors or CWM is an insured, or under which a creditor of the Debtors or CWM may otherwise have recourse.

7. All documents and communication relating to or supporting the Debtors' assertion, made in Section 16 of the Petition, that their debts are primarily business debts.

8. All documents and communications relating to or evidencing any offer or expression of interest regarding any potential sale of CWM or any of its assets.

9. All documents and communications relating to, evidencing, or reflecting the identity or value of any of the assets of CWM. This request includes, but is not limited to, all financial statements, profit and loss statements, balance sheets, electronic accounting records (e.g. Quickbooks or Quicken), and any other financial reports or summaries, whether formal or informal, and all tax returns and supporting documents prepared, delivered to a tax preparer, or kept in the four years preceding the Petition Date.

10. All contracts or agreements pursuant to which CWM may be entitled to receive any payment or benefit, or pursuant to which the Debtors may be entitled to receive any payment on account of goods or services offered by or through CWM.

11. A detailed schedule of CWM's accounts receivable.

12. All documents and communications, including agreements and schedules, relating to or evidencing the relationship between CWM and Cetera Financial Group.

13. All documents and communications relating to or evidencing any life insurance or investment product or account under which the Debtors or CWM are the owner, insured, or beneficiary.

14. All documents and communications relating to or evidencing (a) Lincoln Capital, (b) Dragoo, (c) the nature and validity of Lincoln Capital's claim against CWM and the Debtors, and (d) the circumstances and transactions giving rise to Lincoln Capital's claim against CWM and the Debtors, including, but not limited to, any documents or communications relating to or evidencing any agreements, restrictions, or limitations relating to the use by the Debtors or CWM of funds received from Lincoln Capital or Dragoo.