**REAVES LAW GROUP**
A PROFESSIONAL CORPORATION

2999 North 44th Street, Suite 515
Phoenix, Arizona 85018
Telephone (602) 241-0101
Facsimile (602) 241-0114

David M. Reaves
dreaves@reaves-law.com
State Bar No. 011677

Misty Weniger Weigle
mweigle@reaves-law.com
State Bar No. 027222

Attorneys for David M. Reaves,
    Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>CHRISTENSON, JEFFREY T. and<br>CHRISTENSON, SHARON R.,<br><br>               Debtor. | Case No. 2:18-bk-05678-DPC<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH DEBTORS** |

David M. Reaves, Chapter 7 trustee herein (hereinafter "Trustee"), respectfully requests an order of this Court pursuant to Rule 9019, Fed. R. Bank. P., approving the Trustee's settlement of those claims against Jeffrey T. Christenson and Sharon R. Christenson (the "Debtors") for the turnover of nonexempt property of the estate, including: (i) excess bank balances in the amount of $400.00, (ii) excess wages in the amount of $2,383.00, (iii) the Debtors' 100% interest in The Wealthy 100, LLC (iv) the Debtors' 100% interest in All Star Garage Band, LLC, (v) the Debtors' 100 % interest in Christenson Wealth Management, LLC, and (vi) piano (collectively the "Nonexempt Property"). Trustee's proposed settlement calls for the payment in the total amount of

$4,500.00 by the Debtors to Trustee, on behalf of the bankruptcy estate, in return for a release of any and all claims held by the Trustee in the Nonexempt Property.

Trustee's motion is as follows:

1. Jeffrey T. Christenson and Sharon R. Christenson (the "Debtors") filed their voluntary Chapter 7 petition on May 18, 2018.

2. Pursuant to 11 U.S.C. § 541, the bankruptcy estate includes all legal and equitable interest held by the debtors in any property as of the commencement of the case.

3. On the Debtors' Schedules filed herein, the Debtors list: (1) Deposits of Money in the total amount of $1,004.75, (ii) Wages Owed to Debtor in the amount of $9,532.60, (iii) the Debtors' 100% interest in The Wealthy 100, LLC, (iv) the Debtors' 100% interest in All Star Garage Band, LLC, (v) the Debtors' 100 % interest in Christenson Wealth Management, LLC, and (vi) a piano.

4. On the date of filing, the Debtors' bank accounts held a total balance of $1,004.75. The Debtors claim a $600.00 exemption in the bank accounts pursuant to Ariz. Rev. Stat. §33-1126(A)(9). Excess funds are owing to the estate in the amount of $404.77 ("Excess Bank Balance")

5. On the date of filing, the Debtors were owed $9,523.60 in wages. The Debtors claim a seventy-five percent (75%) exemption in the wages pursuant to Ariz. Rev. Stat. §33-1131(B). Excess wages are owing to the estate in the amount of $2,383.00 (the "Excess Wages").

6. On the date of filing, the Debtors held a 100% interest in The Wealthy 100, LLC (the "The Wealthy 100"). The Debtors' interest in The Wealthy 100 is nonexempt property of the bankruptcy estate.

7. On the date of filing, the Debtors held a 100% interest in All Star Garage Band, LLC ("All Star Garage Band"). The Debtors' interest in All Star Garage Band is nonexempt property of the bankruptcy estate.

8. On the date of filing, the Debtors held a 100% interest in Christenson Wealth Management, LLC ("Christenson Wealth Management"). The Debtors' interest in Christenson Wealth Management is nonexempt property of the bankruptcy estate.

9. On the date of filing, the Debtors owned a piano. The Debtors did not claim any exemptions in the piano and therefore, the piano is nonexempt property of the bankruptcy estate.

10. The Trustee has made a demand for a turn over of the Debtors' interest in the Nonexempt Property. The Debtors dispute the Trustee's values of the Nonexempt Wages, Excess Bank Balances, and the piano. The Debtors contend that Debtors' interests in The Wealthy 100, All Star Garage Band, and Christenson Wealth Management hold no value to the estate and have ceased operations.

11. In an effort to resolve their disputes, the parties have agreed to settle this matter upon the following terms:

    a. Upon Bankruptcy Court approval, the Debtors shall pay to the Trustee, on behalf of the estate, the total sum of $4,500.00 (the "Settlement Funds") payable within twenty days of entry of an order approving the settlement. In exchange, the Trustee shall release any claims in the Nonexempt Property, and Debtors shall be entitled to retain the Nonexempt Property.

    b. Upon Bankruptcy Court approval of this settlement and receipt of the Settlement Funds by this estate, any interest held by the estate in the Debtors' Nonexempt Property shall be released and abandoned, and the Debtors shall be released from any claims held by this estate relating to the turnover of the Debtors' Nonexempt Property; and

Case 2:18-bk-05678-DPC   Doc 50   Filed 08/21/19   Entered 08/21/19 14:04:28   Desc
Main Document    Page 3 of 6

    c. All parties are to bear their own attorneys' fees and costs.

 12. Pursuant to Bankruptcy Rule 9019(a), on motion by the trustee and after notice and hearing, the court may approve a compromise and settlement. Trustee requests that the Court approve the proposed settlement as set forth herein.

 13. The parties understand and acknowledge that this agreement shall become binding only upon Bankruptcy Court approval. If this agreement is not approved by the Court, this agreement shall be null and void, and any funds paid by Debtors to this estate shall be returned.

 14. The Trustee submits that the foregoing compromise is in the best interest of all parties hereto and the Debtors' estate. The settlement meets the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (B.A.P. 9th Cir. 1997), in that the proposed compromise and settlement is an appropriate resolution of this matter. Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson*, 839 at 620. The Court may approve a compromise if it is fair and equitable. *Id*. In determining the fairness and adequacy of a proposed compromise agreements, the Court should consider the following factors: (1) the probability of success in the litigation; (2) the difficulties to be encountered in collecting on any judgment; (3) the complexity and expense of the litigation; and (4) the paramount interests of creditors and deference to the views of those creditors. *Id*. To approve this settlement, the Court need only canvass the issues to determine whether the settlement "falls below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972), *cert. denied*, 409 U.S. 1039 (1972); *see also In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness). If the court finds the compromise does not fall below the threshold of reasonableness, the

compromise should be approved. *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). Moreover, if augmenting the estate involves protracted and costly litigation, with no guarantee of success, the trustee is obligated to prudently determine whether to eliminate the risks and costs of the uncertain litigation through abandonment or settlement; the test is whether the trustee's actions fall within the universe of reasonable actions, not whether pressing onward might produce more funds. *In re Mailman Steam Carpet Cleaning Corp.*, 212 F.3d 632, 635 (1st Cir. 2000), *cert. denied*, 531 U.S. 960, 120 S.Ct. 2661 (2000).

15. Trustee, in his business judgment, deems this agreement to be in the best interest of the bankruptcy estate and creditors, and should be approved. This settlement resolves Trustee's demand for turnover of the Nonexempt Property, and further resolves any need for the Court to get involved in the turnover of the Nonexempt Property. The Debtors dispute the amount of the Excess Bank Balance and the Nonexempt Wages. The Debtors dispute the Trustee's valuation of the piano. The Debtors contend that the Debtors' interest in The Wealthy 100 has no value and ceased operations in 2005. The Debtors contend that the Debtors' interest in All Star Garage Band has no value and ceased operations in 2008. The Debtors contend that the Debtors' interest in Christenson Wealth Management has no value. The Debtors' payment to the estate of $4,500.00 represents a fair and reasonable settlement of the estate's interest in the Nonexempt Property. This settlement guarantees that this estate shall recover at least $4,500.00, without incurring additional administrative expenses, and the Debtors are able to retain the Nonexempt Property. Accordingly, Trustee requests that this Court approve the proposed settlement.

WHEREFORE, Trustee respectfully requests an Order of this Court approving the Settlement Agreement between Trustee and Debtor as stated herein.

Dated this 21st day of August, 2019.

                            REAVES LAW GROUP

                            By: */s/ Misty W. Weigle* (SBN 027222)
                                David M. Reaves
                                Misty W. Weigle,
                                Attorneys for David M. Reaves,
                                  Chapter 7 Trustee

APPROVED AS TO FORM AND CONTENT

ALLEN, BARNES and JONES, PLC


By: */s/ Thomas H. Allen* (SBN 11160)
    Thomas Allen
    Attorney for Debtor


COPY of the foregoing MAILED
this 21st day of August, 2019, to:

Jeffrey and Sharon Christenson
9853 North 48th Place
Paradise Valley, Arizona 85253
Debtors

Thomas Allen
Allen Barnes & Jones, PLC
tallen@allenbarneslaw.com
Attorney for Debtor

Office of the U.S. Trustee
USTPRegion14.PX.ECF@usdoj.gov

/s/ Misty W. Weigle